**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000111
21-SEP-2018
08:06 AM**

NO. CAAP-15-0000111

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


ALBERT VILLADOS, Jr.,
Petitioner-Appellant/Cross-Appellee,
v.
STATE OF HAWAIʻI,
Respondent-Appellee/Cross-Appellant,


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(S.P.P. NO. 13-1-0009(2); CR. NO. 08-1-0115(2))


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Chan, JJ.)

Petitioner-Appellant/Cross-Appellee Albert Villados, Jr. (Villados) and Respondent-Appellee/Cross-Appellant State of Hawaii (State) appeal from the Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody, filed on February 24, 2015, in the Circuit Court of the Second Circuit (Circuit Court).[1]

On April 15, 2010, Villados was convicted of Promoting a Dangerous Drug in the Second Degree and Prohibited Acts Related to Drug Paraphernalia.

On November 28, 2011, in a Summary Disposition Order, this court affirmed Villados' conviction. State v. Villados, No. 30442 (App. Nov. 28, 2011) (SDO).

---

[1] The Honorable Peter T. Cahill, Jr. presided.

On June 18, 2012, Villados, pro se, filed an Application for Writ of Certiorari and Motion for Relief from Default and Permission to File a Writ of Certiorari. Villados asserted that his court-appointed appellate counsel initially indicated she would file an application for writ of certiorari with the Hawaiʻi Supreme Court but later informed him after the filing deadline passed that she would not do so.

On July 20, 2012, the majority of the supreme court dismissed Villados' application for writ of certiorari for lack of appellate jurisdiction because it was untimely. State v. Villados, No. 30442 (App. Nov. 28, 2011) (SDO), application for cert. dismissed (July 20, 2012). Justice Acoba dissented, noting the filing requirement had been relaxed in cases where counsel inexcusably or ineffectively failed to pursue an appeal from a criminal conviction in the first instance. Justice Acoba opined that Villados' appellate counsel was ineffective and he would have excused the untimely filing of the application of writ of certiorari.

On September 12, 2013, Villados filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (Petition), pursuant to Rule 40 of the Hawaiʻi Rules of Penal Procedure (HRPP), based solely on the claim that his court-appointed appellate counsel was ineffective for failing to file an application for writ of certiorari. Villados requested his conviction be vacated, he be given a new trial, or he be resentenced by another judge.

On February 24, 2015, after an evidentiary hearing, the Circuit Court denied the Petition. The Circuit Court found Villados' appellate counsel was ineffective for failing to file an application for writ of certiorari but concluded the appropriate remedy was to seek review by the supreme court of this court's summary disposition order. The Circuit Court found it could not grant the relief requested by Villados.

On appeal, Villados contends the Circuit Court erred by not setting aside his conviction after finding his appellate

counsel was ineffective.

On cross appeal, the State contends the Circuit Court erred by determining that Villados' appellate counsel rendered ineffective assistance of counsel.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Villados' and the State's points of error as follows:

"Article I, section 14 of the Hawaiʻi Constitution guarantees a defendant in a criminal prosecution the right to have the assistance of counsel for the accused's defense." Maddox v. State, 141 Hawaiʻi 196, 202, 407 P.3d 152, 158 (2017).

In Maddox, the supreme court held that "when a defendant is denied an appeal because of a failure or omission of defense counsel, a defendant need not demonstrate any additional possibility of impairment to establish that counsel was ineffective under article I, sections 5 and 14 of the Hawaiʻi Constitution." Maddox, 141 Hawaiʻi at 206, 407 P.3d at 162. The supreme court also concluded that Hawaii Revised Statutes (HRS) § 802-5 "imposes a duty on court-appointed counsel to consult with a defendant following a final order or judgment to determine whether the defendant wishes to appeal, as well as a duty to diligently fulfill the procedural requirements of appeal if the defendant elects to appeal." Id. at 203, 407 P.3d at 159.

Maddox applies to filing an application for writ of certiorari with the Hawaiʻi Supreme Court when counsel is appointed, pursuant to HRS § 802-5 (Supp. 2017).[2] The supreme

---

[2] HRS § 802-5 states:

§802-5 Appointment of counsel; compensation.

(a) Except as provided in section 334-126(f), when it shall appear to a judge that a person requesting the appointment of counsel satisfies the requirements of this chapter, the judge shall appoint counsel to represent the person at all stages of the proceedings, including appeal, if any. If conflicting interests exist, or if the interests of justice require, the court may appoint private counsel, who shall receive reasonable compensation for necessary expenses, including travel, the amount of which shall be determined by the court, and reasonable fees pursuant to

court has approved attorney's fees for court-appointed appellate counsel, pursuant to HRS § 802-5, in cases where it accepted or rejected an application for writ of certiorari. State v. Kealoha, 142 Hawaiʻi 46, 414 P.3d 98 (2018); State v. Soares, No. SCWC-16-0000878 (Haw. Mar. 20, 2018) (cert. rejected). Therefore, filing an application for writ of certiorari with the Hawaiʻi Supreme Court is within the scope of counsel's appointment, pursuant to HRS § 802-5. Thus, court-appointed appellate counsel has a duty to diligently fulfill the procedural requirements to file an application for writ of certiorari if a defendant elects to do so. Maddox, 141 Hawaiʻi at 203, 407 P.3d at 159.

On November 28, 2011, this court issued a summary disposition order affirming Villados' conviction. In a letter to

---

subsection (b). All expenses and fees shall be ordered by the court. Duly ordered payment shall be made upon vouchers approved by the director of finance and warrants drawn by the comptroller.

(b)   The court shall determine the amount of reasonable compensation to appointed counsel, based on the rate of $90 an hour; provided that the maximum allowable fee shall not exceed the following schedule:

| | | |
|---|---|---|
| (1) | Any felony case | $6,000 |
| (2) | Misdemeanor case-jury trial | 3,000 |
| (3) | Misdemeanor case-jury waived | 1,500 |
| (4) | Appeals | 5,000 |
| (5) | Petty misdemeanor case | 900 |
| (6) | Any other type of administrative or judicial proceeding, including cases arising under section 571-11(1), 571-14(a)(1), or 571-14(a)(2) | 3,000. |

Payment in excess of any maximum provided for under paragraphs (1) to (6) may be made whenever the court in which the representation was rendered certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the administrative judge of that court.

(c)   The public defender and the judiciary shall submit to the department of budget and finance for inclusion in the department's budget request for each fiscal biennium, the amount required for each fiscal year for the payment of fees and expenses pursuant to this section.

Villados, dated January 20, 2012, appellate counsel stated that she would file an application for writ of certiorari for Villados. In a letter to Villados, dated February 15, 2012, appellate counsel acknowledged Villados wanted her to file an application for writ of certiorari but stated that it was her decision whether to file one and "with all due respect to your desire to have a writ filed, I have not filed one and will not be filing one."

Appellate counsel's failure to file an application for writ of certiorari by the applicable deadline despite Villados' request constituted ineffective assistance of counsel. Maddox, 141 Hawai'i at 203, 407 P.3d at 159.

In Maddox, the Circuit Court had denied an HRPP Rule 40 petition *without* an evidentiary hearing. On appeal, after determining that Maddox had asserted facts that if true indicated his trial counsel was ineffective for failing to file an appeal, the supreme court ordered an evidentiary hearing be held on the defendant's HRPP Rule 40 petition relating to his ineffective assistance of counsel claim. Maddox, 141 Hawai'i at 206, 407 P.3d at 162. The supreme court expressed that the defendant's alleged facts, "if true, would entitle Maddox to proceed with his appeal at this juncture[.]" Id. at 208, 407 P.3d at 164. Maddox does not indicate that, if the defendant's allegations prove true, vacating his conviction would be an appropriate remedy.

In this case, Villados already has had an evidentiary hearing on his Petition. Further, the Circuit Court has held and we agree that Villados' appellate counsel was ineffective in failing to file an application for writ of certiorari from this court's Summary Disposition Order issued on November 28, 2011. Villados did not state any other claim except appellate counsel's failure to file an application for writ of certiorari. Here, where we previously affirmed his conviction, Villados was not entitled to an order vacating his conviction, a new trial, or re-sentencing. The Circuit Court did not err by holding it could not provide Villados with this requested relief.

Under <u>Maddox</u>, decided in 2017, it appears that the remedy would be to allow the petitioner to proceed with the appeal that was precluded by the ineffective counsel. However, the supreme court in 2012 dismissed Villados' untimely application for a writ of certiorari, with Justice Acoba dissenting on grounds that Villados' appellate counsel was ineffective. Ultimately, Villados must obtain relief from the supreme court as to whether it will entertain at this juncture a further review of this court's Summary Disposition Order issued on November 28, 2011.

THEREFORE, IT IS HEREBY ORDERED that the Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody, filed on February 24, 2015, in the Circuit Court of the Second Circuit is affirmed.

DATED: Honolulu, Hawai'i, September 21, 2018.

On the briefs:

Benjamin E. Lowenthal,
for Petitioner-Appellant/
Cross-Appellee.

Artemio C. Baxa,
Deputy Prosecuting Attorney,
County of Maui,
for Respondent-Appellee/
Cross-Appellant.

Chief Judge

Associate Judge

Associate Judge